JOHN D. MUNDING
MUNDING, P.S.
9425 N Nevada St., Ste 212
Spokane, WA 99218
(509) 624-6464
John@mundinglaw.com

*Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>PONDERAY NEWSPRINT COMPANY,<br><br>          Debtor. | Case No. 20-01309-FPC7<br><br>     Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**<br><br>• **APPROVING PROCEDURE IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF ESTATE'S ASSETS BY AUCTION;**<br><br>• **AUTHORIZING SALE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**<br><br>• **GRANTING RELATED RELIEF** |

## I.    <u>MOTION AND RELIEF REQUESTED</u>

The Chapter 7 Trustee, John D. Munding, ("Trustee") on behalf of the Chapter 7

bankruptcy estate of Ponderay Newsprint Company (the "Debtor") hereby moves the

1 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

Court pursuant to §§105 (a) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and Local Bankruptcy Rules 2002-1 and 6004-1 for an order approving (1) the sale of real property and personal property, by way of auction, belonging to the bankruptcy estate commonly described as the Ponderay Newsprint Company paper mill facility located in Usk, Washington, including all rights and benefits appurtenant to, or associated with, such real property (including, but not limited to, all entitlements, permits, approvals, easements, and water and mineral rights, and leases, equipment, machinery, and fixtures) (the "Assets"). The Trustee seeks to sell the Assets by way of auction to be noticed and conducted before the end of April 2021 under the conditions and procedures sought to be approved in this motion ("Motion"). The sale of the Assets is to be free and clear of all liens, claims, interests, and encumbrances. The Motion is supported by the Declaration of Trustee Munding filed concurrently herewith.

The Trustee respectfully requests that the Court enter an order:

1) Approving procedures in connection with the sale of the Assets as detailed herein and summarized as:

    a) Deadline for Qualified Bids: April 14, 2021, 5:00 p.m. Pacific.

    b) Assets: All of the Debtor's real property and personal property.

2 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

c) Assets Excluded: Financial Accounts, Cash, Accounts Receivables, Claims.

d) Conditions for a Qualified Bids:

    i. Subject to Trustee's Approval.

    ii. Identify of the Bidder.

    iii. Minimum Bid: $7.5 million.

    iv. Bid Deposit: $350,000, refundable.

    v. Forfeiture of Bid Deposit: Yes, upon breach / failure to close.

e) Qualified Bid Notification Date: April 18, 2021, 11:00 a.m. Pacific.

f) Auction Date: April 23, 2021, 10:00 a.m. Pacific.

g) Minimum Bid Increases: $150,000 or otherwise stated by Trustee.

2) Authorizing the sale of Assets free and clear of liens, encumbrances, and other interests, subject to final hearing and approval of the successful bid at auction sale by the Bankruptcy Court; and

3) An order granting such further relief as deemed just and necessary to consummate the auction process, procedure, and sale of Assets.

3 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

## II. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

## III. BACKGROUND

**A.     History of the Debtor**

2. On June 26, 2020, Ponderay Newsprint Company filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. (ECF No. 1). The Trustee is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate.

3. Prior to filing its Chapter 7 bankruptcy petition the Debtor was a fully functional and operational paper mill located in Usk, Washington (the "Paper Mill"). The Paper Mill was constructed in the 1980's at a cost of over $300 million. The Paper Mill opened in 1989 and created more than 200 good paying jobs for the local community.

4.     The Paper Mill consists of complex and expensive newsprint manufacturing machinery, related equipment, 29 buildings totaling 326,000 square feet and 927 acres of real property, which includes substantial water-frontage along the Pend Oreille River. The Assets, which are property of the bankruptcy estate, are summarized

4 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

in greater detail in the Debtor's Schedules, the Declaration of Trustee Munding, and as detailed on the NAI Black website / dashboard.

5. Prior to the filing of its bankruptcy petition on June 26, 2020 and closure of the Paper Mill, the Debtor was one of the largest employers in Pend Oreille County, Washington, with an estimated 148 employees. As a result of the Paper Mill closure, all employees were laid off.

6. The Debtor's Schedule "A" and "B" disclosed real and personal property assets valued at $79,044,520 (ECF No. 6). The secured debt against the Debtor's assets was stated at $4,507,338.00 in the Debtor's Schedule D. (ECF No. 6).

7. The Trustee, based upon his due diligence, experience, and marketing efforts, as well as in the exercise of this business judgment has determined that the value of the Assets is approximately $11.5 million to $16 million due to the complexity of the Paper Mill facility, the unique nature and location of the Assets, and the rapidly declining state of the economy for newsprint industry worldwide. This valuation is premised, in part, based upon non-binding and contingent letters of intent to purchase previously received by the Trustee. *Declaration Trustee Munding.*

**B. The Trustee's Preservation of Assets**

8. Upon consultation by the Trustee with various individuals, including Debtor's counsel, ex-employees of the Debtor, representatives of local utilities,

5 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

representatives of the neighboring Kalispel Tribe, local government representatives, various state agency representatives, and the secured creditor American AgCredit, the Trustee previously determined it was necessary and prudent to maintain and operate the Paper Mill on a very limited basis to preserve the Paper Mill, prevent loss, and mitigate risk of damage to the environment and local community, including risk of fire, theft, mismanagement of wastewater, or potential damage to the water intake for the local community. It was determined, at the initial stage of this bankruptcy proceeding, that the highest and best value for the bankruptcy estate would be derived by selling the Paper Mill to a purchaser who intends to utilize and repurpose the Paper Mill for manufacturing in the paper industry. The Trustee obtained authorization to operate the Paper Mill on a limited basis for this purpose, to use cash collateral to maintain necessary operations of the Paper Mill, including payment of utilities, security, and a limited number of employees necessary to preserve the machinery in working condition. (ECF Nos. 101 and 109).

### C. Trustee's Marketing Activities

9. A summary of the marketing efforts by the Trustee are set forth within the Declaration of Trustee Munding filed concurrently herewith. In short, the Trustee made or received contact from numerous liquidators seeking to purchase the Assets in a piecemeal liquidation manner. The Trustee pursued direct contact with qualified parties

6 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

interested in purchasing the Paper Mill as an operating manufacturing facility in the paper industry, spending considerable time and effort to consummate a sale of the Assets in a manner to achieve the maximum amount of value for the bankruptcy estate and its creditors, while preserving the Paper Mill for the benefit of the local community and environment. The marketing efforts of the Trustee have been ongoing since his appointment.

10. The Trustee has received one purchase offer to purchase the Assets, but the offer was early in this proceeding and deemed insufficient to realize the value of the Assets. It was and remains anticipated that higher and better offers will be received for the Assets. The Trustee has received two additional non-binding letters of intent of $11 million or greater, but the Trustee has been unable to reach viable and non-contingent purchase and sale agreements that would allow for a guaranteed closing without substantial interim operational costs. *Declaration Trustee Munding.*

11. On December 2, 2020, the Court entered an order authorizing the Trustee to hire Black Commercial, Inc., an NAI Black Company, specifically broker Chris Bill ("NAI Black") to list, advise, market, and sell the Assets. (ECF No. 195). In short, NAI Black has taken considerable efforts to market and sell the Assets, including making direct contact with parties interested in purchasing the Assets, marketed the

7 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

Assets on numerous web platforms reaching thousands of prospective buyers and sent out electronic mailings to thousands of brokers.

12. Despite the extensive efforts of the Trustee and Mr. Bell to sell the Assets a purchase and sale agreement has not been achieved at this time. The Assets are costing approximately $198,000 per month to preserve and protect for the benefit of the bankruptcy estate, surrounding local communities, and the environment. The available cash on deposit to fund ongoing preservation of the estate will not be sufficient to maintain operations beyond May 2021. The Trustee, in his business judgment and based upon consultation with advisors, has determined that it is in the best interest of the bankruptcy estate and its creditors to proceed with an auction of the Assets.

## IV. <u>PROPOSED AUCTION, BID, AND SALE PROCEDURES</u>

### A. The Auction.

13. The Trustee intends to offer all Assets for sale at auction ("Auction"). The Auction will be conducted by the Trustee as outlined in the Bid Procedures filed and served concurrently herewith. *See Declaration Trustee Munding.* The Trustee has performed due diligence concerning utilization of a national auction firm to conduct the auction. However, after careful consideration of the prior exposure and marketing of the Assets through NAI Black on a world-wide basis, the prior and present level of interest in acquisition of the Assets provided by sophisticated purchasers, the unique

8 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

nature of this Asset, and the ability of both the Auction and Bid procedures to be properly and adequately noticed by the Trustee and NAI Black to prospective purchasers, the proposed Bid Procedures are the most efficient, economical, and efficient way to proceed to auction. *Declaration Trustee Munding.* The Trustee will market and solicit bids to all creditors, parties in interest, and those entities who have previously expressed interest in the Assets. The Trustee will also utilize NAI Black's vast and comprehensive marketing resources to solicit as many possible qualified bids from qualified purchasers ("Qualified Bids"). The Assets are being sold "As-Is, Where-Is" and without warranty of any kind, except as to clear title.

14. In the event the Trustee determines that one or more bids are Qualified Bids, then the Trustee, with advisor's direct involvement, will conduct the Auction on April 23, 2021 in accordance with the terms and conditions of the proposed Bid Procedures as approved by the Bankruptcy Court. The Auction will be conducted under the direction and supervision of the Chapter 7 Trustee at such location designated by the Trustee to those parties who have submitted Qualified Bids ("collectively, the Qualified Bidders"). Upon approval of the Bid Procedures and proposed Auction Sale by the Bankruptcy Court comprehensive Notice of Auction Sale and Bid Procedures shall be comprehensively noticed to as many prospective purchasers as possible. The Court approved limited master mailing list, parties in interest, and parties who have

9 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

20-01309-FPC7    Doc 219    Filed 03/02/21    Entered 03/02/21 14:37:00    Pg 9 of 20

previously expressed interest in the Assets are receiving notice of the Motion prior to hearing. *Declaration of Trustee Munding.*

**B.      No Present Stalking Horse Bid and Break Up Fee.**

14.      Although the Trustee has not yet identified a stalking  horse bidder (the "Stalking Horse Bidder"), the Trustee has received interest from prospective qualified purchasers and reserves the ability to identifying one or more Stocking Hose Bidder(s) prior to Auction.  If the Trustee does identify a Stalking Horse Bidder who requires a break-up fee or other bid protections from the bankruptcy estate / Trustee, the Trustee will seek Bankruptcy Court approval of those protections on shortened notice, to be considered at the same time as the hearing on this Motion, which is presently scheduled for March 18, 2021.

**C.      Bid Requirements, Procedures, and Qualification.**

15.      To participate in the bidding process and to obtain access to due diligence materials a Potential Bidder must follow the bid procedures and bid requirements ("Bid Procedures") set forth in the *Bid Procedures for Free and Clear Sale of Debtor's Assets* which are filed and served concurrently herewith as a separate document and incorporated herein by reference.

10 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

## D. Asset, Encumbrances, and Sale Disclosures

16. The Trustee, in addition to the Auction provisions and procedures, makes the following disclosures in accordance with applicable local rules and guidelines:

a. Proposed Sale: Auction Conducted By April 23, 2021.

b. Estimated Fair Market Value: $11.5 million to $16 million.

c. Assets to Be Acquired: All of the bankruptcy estate's Assets, unless specifically excluded.

d. Assets to Be Excluded: All funds on deposit in financial accounts, cash on hand, accounts receivable, and any litigation or Chapter 5 claims belonging to the bankruptcy estate.

e. No Warranties: The Assets, including real property, are sold "as-is, where-is, without warrant", except for clear title to the Assets. The Trustee and bankruptcy estate make no warranties or representations as to the condition of the Assets, including any environmental issues, contamination, or compliance. AS – IS / WHERE IS.

f. Assumed Liabilities: None.

g. Minimum Bid: $7.5 million.

h. · Reserve: Yes, but undisclosed to prospective purchasers.

11 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

i.   Creditors Affected:   Based upon the Debtor's Schedules, the Proof of Claim Registry, a cursory and preliminary review of title, and the Trustee's involvement with the creditors of this case, the known creditors claiming a secured interest in the Assets are described as:

- American AgCredit

    o Amount:  $4,507,338 (estimated)

    o Lien Claim:  First Position on Real and Personal Property

- Pend Oreille County Assessor & Treasurer

    o Amount:  $522,410 (estimated)

    o Lien Claim:  Statutory Real Property and Personal Property Taxes

- K & N Electric

    o Amount:  $22,752.30 (estimated)

    o Lien Claim:  Warehousemen's Lien.  Approximately 45 motors, parts, and equipment stored.

- Pacific Terminals

    o Amount:  $24,947.60 (estimated)

    o Lien Claim:  Warehousemen's Lien.  Paper inventory at terminal.

The foregoing claims have been estimated and are subject to verification as to amount, priority, and extent of such liens.

12 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

The Trustee is serving the limited Court approved master mailing list, all known parties claiming an interest in the Assets, and other parties in interest with "Notice" of the Motion to provide full and fair opportunity to comments, suggestions, and objection to the proposed Motion and sale of Assets by Auction.

j.      Sale Free and Clear:      All of the bankruptcy estate's rights, title, and interest in all of the Assets that are sold at the Auction, shall be sold free and clear of any liens, security interests, claims, charges, or encumbrances in accordance with §363(f). Any such liens, security interests, claims, charges, or encumbrances related to any assets which are sold, shall attach to the amounts payable to the bankruptcy estate resulting from the Sale, net of any transaction fees, in the same order of priority and subject to the rights, claims, defense, and objections, if any, of all parties with respect thereto, subject to any further order of the Bankruptcy Court.

k.      Sufficient Sale Proceeds:      The net sale proceeds are estimated to be sufficient to pay all liens and encumbrances claimed against the property.

l.      Tax Consequences:      The Trustee does not anticipate any adverse tax consequences upon closing of the sale at Auction.

m.      Court Approval:      The final winning Qualified Bid is subject to final approval by the Bankruptcy Court, after notice and hearing.

13 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

20-01309-FPC7    Doc 219    Filed 03/02/21    Entered 03/02/21 14:37:00    Pg 13 of 20

n.     Relief from Bankruptcy Rule 6004:    The final Motion Seeking Approval of Sale will request relief from the 14-day stay provided by Bankruptcy Rule 6004(h).

o.     Notice:        Notice of the Auction will be given to the Court's approved limited master mailing list, all parties claiming an interest in the Assets, all parties in interest, all governmental regulatory agencies associated with regulation or taxing of the Assets, parties who have previously expressed interest in purchasing the assets, and Notice of the Sale and Bid Procedures will be actively noticed by NAI Black to thousands of prospective purchasers worldwide via electronic web-based marketing platforms.

## V.     **AUTHORITY**

**A.     The Proposed Sale By Auction is in the Best Interest of the Estate and Its Creditors.**

17.     The Court is requested to and should approve the sale of the Assets free and clear of interests.  Section 363(b) of the Bankruptcy Code authorizes the sale of the Assets free and clear of interests.  Section 363(b) of the Bankruptcy Code authorizes a trustee to sell estate assets outside the ordinary course of business provided each of the following elements is satisfied: (i) a sound business reason exists for the proposed transaction; (ii) the sale has been proposed in good faith; (iii) the sale price is fair and reasonable; and (iv) accurate and reasonable notice has been provided of the transaction.

14 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.<br>9425 N NEVADA ST. STE 212<br>SPOKANE, WA 99218<br>(509)624-6464

*In re Country Manor of Kenton, Inc.,* 172 B.R. 217, 220-21 (Bankr. N.D. Ohio 1994); *In re Stroud Ford, Inc.,* 163 B.R. 730 (Bankr. M.D. Pa. 1993); *In re Gorge Walsh Chevrolet, Inc.,* 118 B.R. 99, 102 (Bankr. E.D. Mo. 1990). For the reasons set forth below, the Trustee's proposed Auction and sale of Assets satisfies each of these four factors:

**B.      The Proposed Sale is Supported by Sound Business Reasons.**

The paramount goal in any proposed sale of property of the estate in a bankruptcy case is to maximize the proceeds of such sale. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.,* 107 F. 3d 558, 564-65 (8th Cir. 1997) (stating that, in bankruptcy sales, "a primary objective of the Code is to enhance the value of the estate at hand"). To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent in the context of bankruptcy sales. See In re Integrated Res., Inc., 147, B.R. 650, 659 (S.D.N.Y. 1992) (sale procedures should "encourage bidding and maximizing the value of the Debtor's assets").

Here, this is a liquidation case. Each month that the Trustee operates and maintains the facility the value of the Assets decrease, including cash reserves. After eight months of active marketing and solicitation of bona fide offers from qualified purchasers, including substantial allowance of detailed due diligence to prospective purchasers, the Trustee has not received a qualified offer without substantial

15 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

contingencies. The Trustee and the bankruptcy estate do not have sufficient cash or use of cash collateral to continue operations beyond May 2021. In the Trustee's business judgment it is time to sell the Assets to the highest and best Qualified Bid at Auction to be conducted prior to April 30, 2021. *See Declaration Trustee Munding.*

### C. The Auction Procedures and Sale Are Proposed In Good Faith.

"The requirement that a Buyer act in good faith … speaks to the integrity of his conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F. 2d 143, 147 (3rd Cir. 1986). "Typically, the misconduct that would destroy a [Buyer's] good faith status at a judicial sale involves fraud, collusion between the [Buyer] and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.*

Here, the Trustee has extensively marketed the Assets and worked diligently with prospective purchasers since late July 2020 without an acceptable offer from a prospective purchaser. The proposed Auction and Bid Procedures are designed to ensure that good faith buyers are procured through an arm's length bidding process. The sale of the Assets by Auction in this case is proposed in good faith.

### D. The Proposed Sale of Assets By Auction is Fair and Reasonable.

The Auction, by its terms and exposure to potential purchasers, will ensure that the best present offer to be achieved under the circumstances is a fair price for the

16 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

Assets. The Trustee submits that the likely alternative to the proposed Auction would be an abandonment of the Assets back to the secured lender once existing cash is depleted. The bankruptcy estate does not have funds remotely sufficient for prolonged maintenance and preservation operations beyond May 2021. *See Declaration Trustee Munding.*

### E. Accurate and Reasonable Notice of Auction Sale Will Be Provided

The Trustee and his broker NAI Black have been actively marketing the Assets and soliciting offers for months to prospective purchasers, brokers, agents, buyers and others who may have an interest. Substantial amounts of time and resources were dedicated to providing prospective purchasers access to the facility and financial information of the Debtor. The Trustee and NAI Black will continue to information as reasonably requested to prospective purchasers. Furthermore, the Trustee and NAI Black will provide accurate, reasonable, and comprehensive notice of the Auction Sale and Bid Procedures to all creditors, parties in interest, those who have expressed interest in the Assets, as well as thousands of other prospective purchasers through the web-based marketing platforms utilized by NAI Black.

17 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

**F. The Proposed Auction Sale Satisfies the Requirements of 11 U.S.C. §363(f).**

18. Section 363(f) of the Bankruptcy Code provides that a trustee may sell property under Section 363(b) of the Bankruptcy Code free and clear of any interest in such property of an entity other than the estate, only if (1) applicable non-bankruptcy law permits the sale of such property free and clear of interests; (2) such entity consents; (3) such interest is a lien and the price at which property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is subject to a bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. §363(f).

19. Here, the Trustee's proposed Auction of the Assets satisfies the requirements of Section 363 (f) of the Bankruptcy Code for a sale free and clear of interests. Specifically, Notice of the Motion, Motion, Declaration of Trustee Munding, and Bid Procedures will be served on the Court approved limited mailing matrix, those parties receiving electronic notice, and those parties claiming an interest in the "Assets". In addition, Notice of the Motion, the Motion, the Declaration of Trustee Munding and Bid Procedures will be served upon all parties who have expressed an interest in purchasing the Assets, all governmental agencies regulating the Assets, and all taxing agencies. As a result, any entity that claims an interest in any of the Assets will have

18 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

an opportunity to object and / or comment on the Bid Procedures and Auction Sale. The claims of creditors claiming an interest in the assets are presently believed to be less than the net sale proceeds to be derived by Auction Sale.

20. It is highly doubtful that any secured creditor claiming an interest in the assets would prefer to seek control of the Assets through foreclosure means and subsequently be required to liquidate the Assets to pay the alleged secured debt. Even if a secured creditor becomes known and objects to the proposed sale of the Assets at Auction free and clear of interests, a sale free and clear is permissible under 11 U.S.C. §363 (f) (5) because there are legal and equitable proceedings in Washington State in which an interested party could be compelled to accept money in satisfaction of such interests, such as disposition of collateral under the default remedies provided in Washington's Uniform Commercial Code (RCW 62A.9A) or in a receivership pursuant to RCW 7.60.260. See *In re Jorlan, Inc.* 403 B.R. 866, 869-70 (Bankr. W.D.Wash. 2009). Accordingly, the Trustee submits the proposed sale of Assets by Auction free and clear of interests is authorized by the Bankruptcy Code.

**G.      Non-Applicability of Rule 6004 Stay**

21. In addition to the relief sought herein, the Trustee requests that the Bankruptcy Court, subject to final hearing, find inapplicable any stay including, without limitation, those arising under Bankruptcy Rules 6004.

19 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

## VI.  CONCLUSION

For the foregoing reasons, the Trustee respectfully requests the Court enter an order granting the relief requested and identified within this motion, and as such relief is necessary, just, and equitable under the circumstances as the Court may deem appropriate under 11 U.S.C. §105.

DATED this 2nd day of March, 2021.

MUNDING, P.S.

*/s/ John D. Munding*
JOHN D. MUNDING, WSBA # 21734
Chapter 7 Trustee

20 – MOTION RE BID PROCEDURES,
AUCTION PROCEDURES, AND SALE FREE
AND CLEAR OF LIENS

MUNDING, P.S.
9425 N NEVADA ST. STE 212
SPOKANE, WA 99218
(509)624-6464

20-01309-FPC7    Doc 219    Filed 03/02/21    Entered 03/02/21 14:37:00    Pg 20 of 20