Bruce K. Medeiros
DAVIDSON BACKMAN MEDEIROS PLLC
601 West Riverside Avenue, Suite 1550
Spokane, Washington 99201
(509) 624-4600
bmedeiros@dbm-law.net

Attorney for Jerry Hunt

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re. . .

**PONDERAY NEWSPRINT COMPANY,**

Debtor.

Case No. **20-01309-FPC7**
Chapter 7

**DECLARATION OF JERRY HUNT IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY NUNC PRO TUNC AND/OR CONFIRMING STAY DOES NOT APPLY AND NOTICE THEREOF**

I, Jerry Hunt, declare as follows:

1. I am the plaintiff in the lawsuit described in paragraph 4 herein, and I am competent to testify to the following facts based upon my personal knowledge, information, and belief.

2. I have a claim against Ponderary Newsprint Company ("Ponderay") resulting from injuries I suffered while on the job on or about January 22, 2020, which I believe are covered by insurance obtained by Ponderay from Liberty Mutual Insurance Company (hereinafter "Liberty Mutual") or other applicable insurance coverage provided by another insurer (hereinafter "Other Insurance"). I have retained Chase and Werner Ltd. to assist me with my claims. My claims against Ponderay, Liberty Mutual and/or Other Insurance are more fully described in the Complaint referenced below.

Page 1
Declaration of Jerry Hunt in Support of
Motion for Relief from Stay and Notice Thereof
Hunt\WIP.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE (509) 623-1660
(509) 624-4600

3. I was not notified of the bankruptcy at the time it was filed, and I am not listed on Ponderay's bankruptcy schedules or mailing list. I learned about the bankruptcy filing after my counsel commenced an action against Ponderay, titled ""*Jerry Hunt v. Ponderay Newsprint Company*" in Cook County, Illinois Circuit Court, under Case No. 2022L000561 (the "Lawsuit") on January 18, 2022. A copy of the Complaint filed to commence the Lawsuit is attached hereto as Exhibit A.

4. I am is seeking relief from stay nunc pro tunc and/or an order confirming that the automatic stay does not apply to Liberty Mutual, Other Insurance or the Lawsuit in order to continue proceedings in the Lawsuit against Ponderay for the purpose of establishing the liability of Ponderay to me and the amount of my claim against Ponderay, in order to file a proof of claim herein, if allowed, and pursue any and all claims and recovery against Ponderay's insurance coverage through Liberty Mutual and/or Other Insurance, and to establish my claims against Ponderay to the extent necessary to pursue judgment against Ponderay, provided that the satisfaction of any such judgment would be limited to the amount of coverage provided by Liberty Mutual and/or Other Insurance only, and not against Ponderay or the estate of Ponderay. I am also asking for relief from the automatic stay nunc pro tunc and/or an order confirming that the automatic stay does not apply to Liberty Mutual, Other Insurance or the Lawsuit for the purposes described in the Motion filed herewith,

Page 2
Declaration of Jerry Hunt in Support of
Motion for Relief from Stay and Notice Thereof
Hunt\WIP.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

and to make it clear to the Circuit Court in the Lawsuit that I may proceed against Ponderay in the Lawsuit, and to establish the liability of Ponderay to the extent necessary to obtain a judgment against Ponderay, for the limited purpose of establishing the liability of Ponderay to me and the amount of my claim against Ponderay, and to pursue the coverage provided by Liberty Mutual and/or Other Insurance only, and not directly against Ponderay or the estate of Ponderay. If the request relief is not granted retroactive to the date of the filing of the Lawsuit, my claims may be time-barred, which would result in great prejudice to me. Whereas, granting my requested relief would not prejudice any other parties herein.

I hereby certify under penalty of perjury under the laws of the State of Washington and of the United States of America that the foregoing is true and correct to the best of my information and knowledge.

Signed this 27th day of May 2022, at ___Orland Park___, ___IL___.

X _____
Jerry Hunt

Page 3
Declaration of Jerry Hunt in Support of
Motion for Relief from Stay and Notice Thereof
Hunt\WIP.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1 860 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE (509) 623-1660
(509) 624-4600

20-01309-FPC7    Doc 353    Filed 05/31/22    Entered 05/31/22 10:20:02    Pg 3 of 9

# Exhibit A

DAVIDSON  BACKMAN  MEDEIROS

ATTORNEYS AT LAW

A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

20-01309-FPC7     Doc 353     Filed 05/31/22     Entered 05/31/22 10:26:02     Pg 4 of 9

FILED
1/18/2022 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT –LAW DIVISION

| | |
|---|---|
| JERRY HUNT, )<br><br>Plaintiff, )<br>vs. )<br><br>PONDERAY NEWSPRINT COMPANY, )<br><br>Defendant. )<br><br>Respondent-in-Discovery )<br><br>Ponderay Newsprint Employee Association. ) | No.<br><br>**2022L000561** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JERRY HUNT, by his attorneys, MARK WHITESIDE, ESQ., and CHASE AND WERNER LTD., and complaining of the Defendant, PONDERAY NEWSPRINT COMPANY, and states as follows:

1. On January 22, 2020, and for some time prior and subsequent thereto, the Defendant, PONDERAY NEWSPRINT COMPANY, was and remains a foreign corporation, incorporated in Washington State and was at said time conducting business in the County of Cook, State of Illinois, shipping paper rolls, among other endeavors.

2. On January 22, 2020, and for some time prior and subsequent thereto, the Plaintiff, JERRY HUNT, was a resident of the County of Cook, State of Illinois, and worked in said County and State.

3. On January 22, 2020, the Plaintiff, JERRY HUNT, was loading paper rolls from BNSF railcar # 763105 to Gripper Jeep Forklift while working at the Chicago Tribune Freedom Center, in the City of Chicago, County of Cook, State of Illinois.

4. At said time and location, as the Plaintiff, JERRY HUNT, attempted to load the paper rolls,

due to the negligent acts and/or omissions on the part of the Defendant, PONDERAY NEWSPRINT COMPANY, individually and by and through its agents, servants and employees on its behalf, the paper rolls fell and struck the protective cage of Gripper Jeep Forklift and caused the Plaintiff, JERRY HUNT, to be injured.

5.     On or about January 22, 2020, in connection with the operation of its business the Defendant, PONDERAY NEWSPRINT COMPANY, owned and/or operated and/or managed and/or maintained and/or controlled, and/or did business as, and/or otherwise contracted to own, operate, manage, maintain, control and/or do business loading and/or packing paper rolls onto railcars and/or shipping paper rolls to the Chicago Tribune.

6.     It then and there became and was the duty of the Defendant, PONDERAY NEWSPRINT COMPANY, individually and by and through its agents, servants and employees on its behalf, to exercise ordinary and reasonable care in and about the ownership, operation, management, maintenance, delivery, shipping and control of the paper rolls thereof and thereat, so that same would be in a good, safe and proper condition for persons legally and lawfully receiving  paper rolls so as not to cause harm and injury to such persons.

7.     On or before January 22, 2020, certain packed and/or loaded paper rolls were allowed to be shipped to the Chicago Tribune by the Defendant, PONDERAY NEWSPRINT COMPANY.

8.     On or before January 22, 2020, the Defendant, PONDERAY NEWSPRINT COMPANY, had actual or constructive notice of the paper rolls it packed, loaded and/or shipped.

9.     On or before January 22, 2020, the Defendant, PONDERAY NEWSPRINT COMPANY, had a duty to exercise reasonable and ordinary care regarding the packing, loading and/or shipping of the paper rolls which the Chicago Tribune received.

10. In violation of its duty, the Defendant, PONDERAY NEWSPRINT COMPANY, individually and by and through its agents, servants and employees on its behalf owned, operated, managed, maintained and controlled said paper rolls until they were received, and more particularly caused, allowed and permitted the packed and/or loaded paper rolls to be shipped to the Chicago Tribune, thereby creating a dangerous and defective condition.

11. Prior to and at the time and location aforesaid, the Defendant, PONDERAY NEWSPRINT COMPANY, individually and by and through its agents, servants and employees on its behalf, acted or failed to act in one or more of the following ways, amounting to careless and negligent conduct:

(a) Failed to maintain at least three points of contact between rolls and other rolls and/or the railcar walls;

(b) Failed to use blocking and/or bracing materials to secure the load such as strapping, lumber, air bags, rubber mats, void fillers and/or risers;

(c) Failed to secure the load so as not to permit movement that would have an accumulative effect of overloading one end or one side of railcar when unloaded;

(d) Failed to secure layers of rolls with blocking rolls, chock blocks and/or unitizing or anchored straps;

(e) Failed to load layers of rolls with the single centered rolls omitted as needed;

(f) Loaded layers of rolls too high resulting in excessive combined center of gravity dimension;

(g) Improperly operated, managed, maintained and controlled the loading, packing and/or shipping of paper rolls so that as a direct result thereof, the plaintiff was injured;

(h) Failed to provide a good, safe and proper freight load to be unloaded;

(i) Failed to properly supervise the activities of its agents, servants and employees;

(j) Carelessly and negligently loaded, packed and shipped the paper rolls, to the injury of the plaintiff;

(k) Carelessly and negligently failed to properly load the paper when they knew or should have known the same posed a dangerous and hazardous condition to the plaintiff and others;

(l) Failed to inspect said freight load containing the paper rolls and to remedy the dangerous and defective condition which

they knew or should have known of, posed a risk of injury to the plaintiff;

(m) Failed to warn the plaintiff and others of the existence of the dangerous and hazardous condition of the loaded, packed and/or shipped paper rolls;

(n) Failed to properly train its agents, servants, and employees.

12. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions on the part of the Defendant, PONDERAY NEWSPRINT COMPANY, individually and by and through its agents, servants and employees on its behalf, the Plaintiff, JERRY HUNT, suffered and will, in the future, suffer injuries of a personal, permanent and pecuniary nature, bodily injury and psychiatric and emotional distress; and that he has been and will continue to be kept from attending to his ordinary affairs and duties.

WHEREFORE, the Plaintiff, JERRY HUNT prays for judgment against the Defendant, PONDERAY NEWSPRINT COMPANY, a foreign domestic corporation, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus his costs in bringing this action.

MARK WHITESIDE, ESQ.

BY

Attorney for the Plaintiff

49834
Mark Whiteside, Esq.
333 S. Wabash Ave, Suite 2700
Chicago, IL 60604
312-896-2827
mark@markwhiteside.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT –FIRST MUNICIPAL

| | | |
|---|---|---|
| JERRY HUNT, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. |
| | ) | |
| PONDERAY NEWSPRINT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Respondent-in-Discovery | ) | |
| | ) | |
| Ponderay Newsprint Employee Association. | ) | |

## AFFIDAVIT IN COMPLIANCE WITH RULE 222

The undersigned affiant, Mark R. Whiteside, pursuant to Rule 222 of the Illinois Supreme Court, as amended effective January 1, 1996, states as follows:

1.    Affiant is over the age of majority, is licensed to practice law in the State of Illinois and is the attorney for the plaintiff in this matter.

2.    The total amount of damages sought by the plaintiff in this matter does exceed $50,000.

3.    This affidavit is made under penalties of perjury pursuant to Section 1-109 of the Illinois Code of Civil Procedure.

FURTHER AFFIANT SAYETH NAUGHT

Mark Whiteside, Esq.

BY

Attorney for the Plaintiff

49834
Mark Whiteside, Esq.
333 S. Wabash Ave, Suite 2700
Chicago, IL 60604
312-896-2827
mark@markwhiteside.com