JOHN D. MUNDING
MUNDING, P.S.
309 E. Farwell Rd., Ste 310
Spokane, WA 99218
(509) 590-3849
john@mundinglaw.com

*Attorney for Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>PONDERAY NEWSPRINT COMPANY<br><br>Debtor. | Case No. 20-01309-FPC7<br><br>Chapter 7<br><br>Adversary Case No. |
| JOHN D. MUNDING, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Ponderay Newsprint Company<br><br>Plaintiff,<br>v.<br><br>Indiana Newspapers, LLC, an Indiana limited liability company.<br><br>Defendant. | COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§547 AND 550 |

COMPLAINT - 1

Plaintiff, John D. Munding, solely in his capacity as the Chapter 7 trustee of the bankruptcy estate of Ponderay Newsprint Company (the "Plaintiff Trustee"), by and through counsel, for its *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§547 and 550* against defendant Indiana Newspapers, LLC. ("Defendant"), alleges as follows:

## NATURE OF THIS ACTION

1. The Plaintiff Trustee seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the 365-day period prior to the commencement of the bankruptcy case of Ponderay Newsprint Company ("Ponderay") pursuant to sections 547 and 550 of the United States Bankruptcy Code.

2. On June 26, 2020, Ponderay filed a voluntary petition for Chapter 7 relief under the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Washington, under Case No. 20-01309-FPC7 ("Petition Date").

3. On June 26, 2020, the United States Trustee appointed Plaintiff Trustee as the chapter 7 trustee for the bankruptcy estate of Ponderay. The Plaintiff Trustee is authorized by the Bankruptcy Code to prosecute certain estate causes of action, including causes of action for the avoidance of and recovery under section 547 and 550 of the Bankruptcy Code of preferential payments made by Ponderay.

COMPLAINT - 2

4. Upon information and belief, the Defendant is an entity formed under the laws of the State of Indiana. At all times relevant and material hereto, Defendant was a foreign for-profit limited liability company conducting business in the State of Washington. The Defendant filed Articles of Dissolution with the State of Indiana Office of the Secretary of State on June 29, 2020.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Eastern District of Washington has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§157 (a) and 1334(a) and LCivR 83.5 of the United States District Court for the Eastern District of Washington.

6. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained in this Complaint. Pursuant to FRBP 7008 of the Federal Rules of Bankruptcy Procedure, the Plaintiff Trustee affirms his consent to the entry of final orders and judgments by the Bankruptcy Court.

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

8. This adversary proceeding is initiated pursuant to Rule 7001 (1) of the Federal Rules of Bankruptcy Procedure and sections 502, 547, and 550 of the

COMPLAINT - 3

Bankruptcy Code to void and recover certain avoidable transfers that were made by Ponderay to the Defendant, an insider, on or within 365 days of the filing of the Petition.

### FACTS

9.    At all times material hereto, the Defendant was a partner of Ponderay pursuant to that certain partnership agreement dated December 6, 1984, as formed under the Uniformed Partnership Act of Washington, which was superseded by the Ponderay Newsprint Company Amended and Restated Partnership Agreement dated August 28, 2019.  The Defendant held a 13.5% ownership interest in Ponderay.  The Defendant is an "insider" of Ponderay as defined by 11 U.S.C. 101 (a) (31).

10.    Prior to the Petition Date, Ponderay made certain payments to the Defendant for alleged reimbursement of legal fees.  The payments are documented in Ponderay's Statement of Financial Affairs (ECF No. 6, pages 106).  The total amount of payments and / or transfers made to Defendant by Ponderay during the 365-day period prior to the Petition Date totals $35,708.67.

11.    The Plaintiff Trustee has performed his own reasonable due diligence evaluation in the circumstances of this chapter 7 case, including review of records available from Ponderay and interviews with those of knowledge concerning Ponderay's business and financial operations during the one-year period prior to the Petition Date.  Based upon this due diligence, the Plaintiff Trustee has not been able to

COMPLAINT - 4

identify any potential "ordinary course" or "new value defense" that may be available to Defendant under sections 547(c)(2) and (4) of the Bankruptcy Code. The Plaintiff Trustee, in furtherance of his due diligence, sent advance letters to Defendant requesting information and for identification of any potential defenses the Defendant believes it may have to the alleged avoidable transfers.

12. The Defendant bears the burden of proof pursuant to section 547(g) of the Bankruptcy Code to establish potential defenses it may have under section 547 (c) of the Bankruptcy Code to the alleged avoidable transfers. The Plaintiff Trustee reserves all rights under section 547 (g) of the Bankruptcy Code or otherwise.

13. During the course of this adversary proceeding, the Plaintiff Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant. The Plaintiff Trustee intends to avoid and recover all transfers made by Ponderay to or for the benefit of the Defendant or any other transferee. The Plaintiff Trustee reserves the right to amend this original complaint to include: (i) further information regarding the transfers and payments, (ii) additional transfers and payments, (iii) modifications of and / or revisions to the Defendant's name, (iv) additional defendants, and / or causes of action that may become known to the Plaintiff Trustee, and for such amendments to relate back to this original Complaint.

COMPLAINT - 5

## FIRST CLAIM FOR RELIEF

## (Avoidance of Preferential Transfers – 11 U.S.C. §547)

14. The Plaintiff Trustee repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set fully herein.

15. During the one-year period prior to the Petition Date, Ponderay made transfers of money to the Defendant totaling $35,708.67. Each transfer of money to the Defendant was a transfer of property of Ponderay.

16. Each of the transfers of money to the Defendant was made to or for the benefit of the Defendant.

17. The Defendant was an insider (within the meaning of section 101 (31) of the Bankruptcy Code) of Ponderay. All transfers of money to the Defendant by Ponderay, or alternative, received by the Defendant were for the benefit of an insider of Ponderay.

18. To the extent that the Defendant was a creditor (within the meaning of section 101(10) of the Bankruptcy Code) of Ponderay, the transfers were for the benefit of a creditor of Ponderay.

19. The transfers of money by Ponderay to Defendant were made while Ponderay was insolvent and / or the transfers caused Ponderay to become insolvent.

COMPLAINT - 6

Ponderay is presumed to be insolvent on and during the 365 days preceding the Petition Date pursuant to section 547(f) of the Bankruptcy Code.

20. Each of the monetary transfers enabled the Defendant to receive more than the Defendant would have received if (i) this case where a case under chapter 7 of the Bankruptcy Code, (ii) the transfers and / or payments had not been made, and (iii) the Defendant received payment on account of the debt paid by each of the monetary transfers to the extent provided by the Bankruptcy Code.

21. As of the date of this Complaint, the Defendant has not returned any of the monetary transfers it received from Ponderay during the one-year period preceding the petition date.

22. The Plaintiff Trustee is entitled to an order and judgment under section 547 of the Bankruptcy Code that each and every monetary transfer to the Defendant is avoided.

## SECOND CLAIM FOR RELIEF

### (Recovery of Property – 11 U.S.C. §550)

23. The Plaintiff Trustee repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

24. Based on the foregoing facts, the Plaintiff Trustee is entitled to avoid the monetary transfers to Defendant pursuant to section 547(b) of the Bankruptcy Code.

COMPLAINT - 7

25.    The Defendant is the initial transferee of the monetary transfers or the entity for whose benefit the monetary transfers were made.

26.    Pursuant to section 550 (a) of the Bankruptcy Code, the Plaintiff Trustee is entitled to recover from the Defendant each monetary transfer or amount thereof, plus interest from the day of payment, as well as costs of this action.

WHEREFORE, the Plaintiff Trustee prays for judgment as follows:

a.    On the First Claim for Relief, for a determination that each of the transfers is avoidable pursuant to section 547 of the Bankruptcy Code, and that the Plaintiff Trustee is entitled to recover each monetary transfer or the value thereof;

b.    On the Second Claim for Relief, for judgment in favor of the Plaintiff Trustee and against the Defendant determining that the Plaintiff Trustee is entitled to recover the transfers of $35,708.67 or such amount as determined by the Court, or their value for the benefit of the Bankruptcy Estate pursuant to section 550 of the Bankruptcy Code;

c.    Awarding to Plaintiff Trustee pre-judgment interest at the maximum legal rate running from the date of this Complaint to the date of judgment herein;

d.    Awarding to Plaintiff Trustee post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

e.    Awarding the Plaintiff Trustee the costs of suit incurred herein; and

COMPLAINT - 8

f. For such other and further relief as the Bankruptcy Court may deem just and proper.

DATED THIS 24th day of June, 2022.

MUNDING, P.S.

/s/ John D. Munding
John D. Munding, WSBA No. 21734
Attorney for the Chapter 7 Trustee

COMPLAINT - 9